UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

TERRY LEE WHITEHORN,

        Plaintiff,        Case No. 1:11-cv-117

v.        Honorable Paul L. Maloney

UNKNOWN MARUTIAK,

        Defendants.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Discussion

I. Factual allegations

Plaintiff Terry Lee Whitehorn presently is incarcerated at the Michigan Reformatory (RMI). He sues RMI Hearing Officer unknown Marutiak.

In his complaint, Plaintiff challenges the result of a January 29, 2009 major misconduct ticket that was heard before Defendant Marutiak. The ticket alleged that, on January 25, 2009, Plaintiff touched Prisoner Swinson on the breast area of his chest. When Swinson responded angrily to the contact, Plaintiff allegedly stated, "I should have took that ass." (Attach. to Compl., Page ID#9.) Plaintiff defended the charge, contending that Swinson and his roommate fabricated the incident because Swinson owed Plaintiff money from a gambling debt and owed other prisoners money as well. Plaintiff alleged that, because of the debts, Swinson wished to be transferred to another facility.

On February 5, 2009, the hearing investigator submitted the statements of two witnesses marked as confidential because of the risk of retaliation. The investigator also reported that Plaintiff had declined to make a written statement. In addition, the investigator reported that he had investigated Plaintiff's claim that Swinson had substantial unpaid prison debts and found that Swinson had over $300.00 placed in his account between November 1, 2008 and February 5, 2009 and that Swinson had spent as much on store goods. The hearing officer requested the opportunity to interview the two confidential witnesses, but they were not available for interview because they had been transferred. On February 9, 2009, Defendant Marutiak conducted the hearing. Marutiak considered the statements of the two confidential witnesses. Marutiak also considered Swinson's trust account records, which showed that Swinson had sufficient funds in his account of the prior

months and had spent those funds freely. In addition, Marutiak considered Plaintiff's responses to questions asked at the hearing. Finally, the hearing officer rejected the statements of Plaintiff's proffered witnesses because they added nothing of value to the investigation.

Upon review of the evidence, the hearing officer found as follows:

> The evidence in the record consists of two conflicting accounts: those of the two confidential witnesses who state they were in a position to have observed the 1/25/09 incident as well as prior incidents and the charged prisoner's version that the alleged victim and his then-bunkie concocted the story to avoid paying debts and to obtain a transfer from RMI. The Hearings Investigator obtained relevant information regarding the prisoner-account of [Swinson] which show that Swinson had sufficient funds in his account during recent months and appeared to have spent it freely, thus casting doubt on the claim that he fabricated the assault claim to merely avoid his debts and transfer elsewhere.
>
> After a careful weighing of all of the witness statements, HO finds the statements from the confidential witnesses to be more convincing as to their truth than the statement from the charged prisoner in opposition to them, even though the confidential witnesses themselves are unavailable to be interviewed by the HO. The confidential witnesses have specifically identified a sequence of events leading up to the sexual assault on 1/25/09, have identified the prisoner involved, including the charged prisoner, and have provided a large degree of specificity as to what was said by the charged prisoner and the responses of the victim, prisoner Swinson. The confidential witness statements are consistent with facts known to be true such as the charged prisoner admitted dealing with Swinson over other property. It is also noted that the witnesses requested by the charged prisoner, who were in a position to add probative information to this matter, had either nothing to report or nothing of probative value to add. Additionally, during the course of this hearing, HO found the charged prisoner to be rather evasive when responding to direct questions and to withhold more information than he disclosed about the circumstances and his relationship with prisoner Swinson. HO thus finds the stronger impression to be that prisoner Whitehorn did approach prisoner Swinson on 1/25/09, touch the breast area of the top of Swinson's chest for sexual purposes and without Swinson's consent, and make a statement to the effect of "I should have took that ass[."] Charge of (051) sustained. The prisoner will be informed of this finding by receipt of a copy of this report.
>
> HO has marked seven (7) pages of materials as confidential, as disclosure of them may tend to lead to retaliation among the prisoner population and/or disrupt the prison operations.

(Attach. to Compl, Page ID#10.) Plaintiff was sentenced to 15 days of detention. Plaintiff sought rehearing, which was denied on March 25, 2009.

Plaintiff claims that Defendant failed to follow the standards set for disciplinary hearings established in *Wolff v. McDonnell*, 418 U.S. 538 (1974), because the hearing investigator and hearing officer failed to comply with Michigan Administrative Rule 791.5501 and MDOC Policy Directive O3.03.105(b). Plaintiff seeks to overturn the sexual assault conviction and to remove the conviction from his file.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The starting point for any discussion of the procedural due process rights of a prisoner subject to a disciplinary proceeding is *Wolff v. McDonnell,* 418 U.S. 539 (1974). In *Wolff,* the Supreme Court held that prison disciplinary proceedings must meet minimal due process requirements by (i) giving inmates advance written notice of charges at least 24 hours prior to the disciplinary hearing; (ii) allowing the inmate to call witnesses and present documentary evidence in the inmate's defense; and (iii) providing the inmate with a written statement of evidence relied on by the disciplinary board and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-69.

Although Plaintiff claims that the hearing procedures he was provided were inadequate under *Wolff*, he makes no attempt to identify which, if any, of the three due process requirements was unmet. Indeed, he appears only to argue that Michigan policy and administrative rules do not permit a sexual assault conviction based on touching a male in the breast area. However, a defendant's alleged failure to comply with an administrative rule or policy does not itself

rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. As a consequence, any deficiencies under state policy and procedure do not demonstrate a lack of due process under *Wolff*.

Further, Plaintiff's complaint and attachments demonstrate that all three requirements of *Wolff* were met. First, nothing in the complaint suggests that Plaintiff was deprived of adequate notice of the hearing, and it is apparent from the attachments that Plaintiff had ample notice. As a consequence, the first element of *Wolff* was met.

Second, Plaintiff was not deprived of his opportunity to present evidence. The right to call witnesses or present evidence is not absolute. *Wolff*, 418 U.S. at 566. The United States Supreme Court explained:

> [W]e must balance the inmate's interest[s] against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, it would be useful for the Committee to state its reasons for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases.

*Id.* Where, as here, confidential informants are used to reach prison a disciplinary determination, courts have the decisionmaker to make a contemporary assessment of the reliability of the informant.

*See Hensley v. Wilson*, 850 F.2d 269, 281 (6th Cir. 1988) (applying *Ponte v. Real,* 471 U.S. 491, 499-500 (1985)).

In the instant case, the hearing officer's report contains a contemporaneous assessment of the reliability of the confidential witnesses and the reason confidentiality was required. The hearing officer concluded that the confidential witnesses were reliable because their reports contained detailed information about the incident in question, as well as the history between the victim and Plaintiff, much of which was confirmed by Plaintiff. The hearing officer further found that supporting evidence about the victim's trust account and Plaintiff's own demeanor at the hearing rendered Plaintiff's alternative version of the facts less credible. The hearing officer's determination concerning credibility was more than adequate to meet the requirement of *Hensley*, 850 F.2d at 281. Moreover, Plaintiff was not deprived of the opportunity to present evidence. Although Plaintiff's witnesses were excluded, Plaintiff does not dispute the hearing officer's finding that the proffered witnesses were irrelevant because they had no personal knowledge of the incident in question. Plaintiff himself was questioned and the victim's potential motive for fabrication was investigated. The hearing therefore met the second requirement of *Wolff*.

Third, the written decision of the hearing officer fully accords with the third requirement of *Wolff*. Notwithstanding Plaintiff's denial of the allegations, the hearing officer's report provides a reasoned basis for the decision, including the reasons underlying the credibility determinations, the reason for disallowing certain witnesses, and the facts supporting the decision.

In addition, the quantum of evidence was sufficient to support the hearing officer's decision. "[N]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass,* 63 F.3d 483, 486 (6th Cir. 1995) (citing *Superintendent, Mass. Corr. Inst.,*

*Walpole v. Hill,* 472 U.S. 445, 455 (1985)). The Supreme Court in *Hill* held that the requirements of due process are satisfied if "some evidence" supports the prison disciplinary board's decision to revoke good-time credits. *Hill*, 472 U.S. at 455. In determining whether a decision of a prison disciplinary board is supported by "some evidence," a federal court is "not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." *Williams,* 63 F.3d at 486 (citing *Hill,* 472 U.S. at 455). "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Williams,* 63 F.3d at 486 (citing *Hill,* 472 U.S. at 455-56) (emphasis added). Moreover, the Constitution does not require that the evidence logically preclude any conclusion but the one reached by the hearings officer in the disciplinary proceeding. *Hill,* 472 U.S. at 456; *see also Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003), *aff'd*, 110 F. App'x 491 (6th Cir. 2004). A hearings officer in a prison disciplinary proceeding is not required to find the prisoner guilty beyond a reasonable doubt, or find that guilty was the only reasonable interpretation of the evidence*. Thomas v. Marberry,* No. 06-cv-13282, 2007 WL 1041250, at *2 (E.D. Mich. Apr. 4, 2007) (citing *Mullins v. Smith,* 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998)). Further, "this court will not interfere with the discretion of prison authorities to define offenses under their internal rules and to assign offenses in particular cases." *Falkiewicz,* 271 F. Supp. 2d at 948 (citing *Turney v. Scroggy,* 831 F.2d 135, 139-40 (6th Cir. 1987)).

Here, the hearing officer considered the report of the prison guard, which contained the contemporaneous statement of the victim. Plaintiff also admitted that he knew the victim and had had a history of dealings with him. In addition, two first-hand witnesses made detailed statements that were consistent with the background facts admitted by Plaintiff. Further, the victim's

trust account statement revealed that the victim had received substantial deposits and had freely spent them, inconsistent with Plaintiff's claim that the victim was short of funds and owed money. Finally, the hearing officer found that Plaintiff was evasive during questioning and appeared to withhold evidence. Taken together, ample evidence supported the hearing officer's determination.

For all these reasons, Plaintiff's due-process challenge fails to state a claim.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>March 21, 2011</u>  /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         Chief United States District Judge